### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

FELIPE ESPITIA,

         Plaintiff,

v.

ADAM'S CONCRETE SERVICES "LLC",
KARL'S PUMPING & PLACING, INC.
D/B/A KPP CONCRETE D/B/A KARL'S
PUMPING & PLACING INC. K.P.& P. INC,
KARL LOEFFLER, JERI LOEFFLER,
ADAM J. LOEFFLER,

         Defendants.

_____/

### COMPLAINT
*{Jury Trial Demanded}*

      Plaintiff, FELIPE ESPITIA, brings this action against Defendants, ADAM'S CONCRETE SERVICES "LLC", KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC, KARL LOEFFLER, JERI LOEFFLER, and ADAM J. LOEFFLER, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq., and alleges as follows:

1.     Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2.     At all times material hereto, Plaintiff FELIPE ESPITIA was a resident of the State of Florida and an "employee" of Defendants as defined by the FLSA.

3.     At all times material hereto, Defendant, ADAM'S CONCRETE SERVICES "LLC", was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of concrete pumping and placing services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its

employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

4.     At all times material hereto, Defendant, KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC, was a Florida corporation with its principal place of business in South Florida, engaged in commerce in the field of concrete pumping and placing services, at all times material hereto was the "employer" of Plaintiff as that term is defined under statutes referenced herein, engaged along with its employees in interstate commerce, and has annual gross sales and/or business volume of $500,000 or more.

5.     Defendant, KARL LOEFFLER, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC; said Defendant acted and acts directly in the interests of Defendant, KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC, in relation to said co-Defendant's employees. Defendant effectively dominates KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, KARL LOEFFLER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

6.     Defendant, JERI LOEFFLER, is a resident of Palm Beach County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC; said Defendant acted and acts directly in the interests of Defendant, KARL'S PUMPING

& PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC, in relation to said co-Defendant's employees. Defendant effectively dominates KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, JERI LOEFFLER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

7.      Defendant, ADAM J. LOEFFLER, is a resident of Broward County, Florida and was, and now is, the managing agent, director and/or owner of Defendant, ADAM'S CONCRETE SERVICES "LLC"; said Defendant acted and acts directly in the interests of Defendant, ADAM'S CONCRETE SERVICES "LLC", in relation to said co-Defendant's employees. Defendant effectively dominates ADAM'S CONCRETE SERVICES "LLC" administratively or otherwise acts, or has the power to act, on behalf of the corporation vis-a-vis its employees and had the authority to direct and control the work of others. Thus, ADAM J. LOEFFLER was and is an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

8.      Defendants, Adam's Concrete Services "LLC" and Karl's Pumping & Placing, Inc. d/b/a KPP Concrete d/b/a Karl's Pumping & Placing Inc. K.P.& P. Inc, are a single enterprise under the Fair Labor Standards Act, performed related activities through unified operation and common control for a common business purpose, engaged along with their employees in interstate commerce, and have an annual gross sales and/or business volume of $500,000 or more.

9.       Defendants, Adam's Concrete Services "LLC" and Karl's Pumping & Placing, Inc. d/b/a KPP Concrete d/b/a Karl's Pumping & Placing Inc. K.P.& P. Inc, were joint employers of Plaintiff,

under the Fair Labor Standards Act, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

10.     In justifiable reliance upon Defendants' representations and promises, Plaintiff accepted employment and began working for Defendants as a pump operator.

11.     During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper minimum wages for all hours worked during Plaintiff's employment.

12.     During Plaintiff's employment, Defendants did not pay Plaintiff the full and proper overtime wages of 1.5 hours his regular hourly rate for all hours worked over 40 each week.

13.     The records, if any, concerning the date range of Plaintiff's employment, the number of hours Plaintiff actually worked, and the compensation actually paid to Plaintiff are in the possession and/or control of Defendants; however, Plaintiff has attached a statement of claim as Exhibit A to provide initial estimates of the damages. These amounts may change as Plaintiff engages in the discovery process.

14.     Defendants have knowingly and willfully refused to pay Plaintiff his legally-entitled wages.

15.     Plaintiff has complied with all conditions precedent to bringing this suit, or same have been waived or abandoned.

16.     Plaintiff has retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
## <u>VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")</u>
## <u>ALL DEFENDANTS</u>

17.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-16 above as if set forth herein in full.

18.     Plaintiff alleges this action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 216 (b), that Plaintiff is entitled to: (i) unpaid minimum wages; (ii) time-and-a-half overtime pay, and (iii) liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

19.     Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
320 S.E. 9th Street
Fort Lauderdale, Florida 33316
Phone: (786) 924-9929
Fax:    (786) 358-6071
Email: ekoz@kozlawfirm.com

_____
Elliot Kozolchyk, Esquire
Bar No.: 74791