## SETTLEMENT AGREEMENT
## AND MUTUAL GENERAL RELEASE

**ADAM'S CONCRETE SERVICES "LLC"**, including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, **KARL'S PUMPING & PLACING, INC. D/B/A KPP CONCRETE D/B/A KARL'S PUMPING & PLACING INC. K.P.& P. INC**, including all of their officers, directors, representatives, shareholders, owners, agents, employees, successors and assigns, **KARL LOEFFLER** including his heirs, representatives, attorneys, successors, and assigns, **JERI LOEFFLER** including her heirs, representatives, attorneys, successors, and assigns, **ADAM J. LOEFFLER** including his heirs, representatives, attorneys, successors, and assigns (hereafter collectively referred to as the "Defendants") and **FELIPE ESPITIA**, including his heirs, representatives, attorneys, successors (hereafter collectively referred to as "Plaintiff"), for good and valuable consideration, and in order to resolve and settle finally, fully and completely all matters or disputes that now exist or may exist between them, agree as follows:

1.   **Mutual General Release**. In consideration for the promises contained in this Settlement Agreement and General Release (hereafter referred to as "Agreement"), the parties unconditionally release and discharge each other (collectively, the "Released Parties") from any and all claims, demands, liabilities, and causes of action of any kind or nature, whether known or unknown, or suspected or unsuspected, which either party now owns or holds, or has owned or held against the each other, including, but not limited to, any and all claims, demands, liabilities, or causes of action which arise out of, or are in any way connected with Plaintiff's employment with, or the separation of his employment with the Defendants, or which arise out of or are in any way connected with any loss, damage, or injury whatsoever to Plaintiff resulting from any act or omission by or on the part of the Released Parties committed prior to the date of this Agreement. Included in the claims, demands, liabilities, and causes of action being released and discharged by Plaintiff are all claims under Title VII of the 1964 Civil Rights Act; the Civil Rights Act of 1991; the Age Discrimination in Employment Act; the Older Workers Benefit Protection Act; the Equal Pay Act; the Fair Labor Standards Act ("FLSA"); the Employee Retirement Income Security Act (ERISA); the Americans with Disabilities Act of 1990; the Rehabilitation Act of 1973; the Family and Medical Leave Act of 1993; 42 U.S.C. §§ 1981, 1985(3), and 1986; the Occupational Safety and Health Act; Chapter 760, Florida Statutes; the Florida Private Whistle-blower's Act of 1991; Chapter 11A of the Miami-Dade County Code; and any and all other laws, statutes, ordinances, treaties, rules or regulations of the United States of America, or any other country, state, county, municipality, or political subdivision thereof. This Release includes all claims which were, or could have been, asserted in the lawsuit *Espitia v. Adam's Concrete Services "LLC" et al*, Case No. *15-cv-62659-Cohn/Seltzer*, pending before the U.S. District Court for the Southern District of Florida (hereinafter referred to as the "Litigation").

**EXHIBIT A**

2. **Settlement Amount and Attorney's Fees.** In consideration of the promises of Plaintiff as set forth herein, the Parties agree to settle this matter for a total of **$4,896.00**, which shall be made payable to "Koz Law, P.A." and delivered to Koz Law, P.A., 320 S.E. 9th Street, Fort Lauderdale, FL 33316 within **seven (7) days** of the Court's approval of the Agreement and dismissal of the lawsuit with prejudice. The parties agree to seek the Court's reservation of jurisdiction to enforce the terms of the settlement agreement.

Out of the settlement proceeds, Plaintiff **FELIPE ESPITIA** is receiving $1,216.00 for alleged unpaid overtime and minimum wages owed and liquidated damages. Plaintiff's counsel is receiving $3,680.00 as attorney's fees and costs incurred in the Litigation.

3. **Mutual Covenant of Confidentiality.** The parties agree that the facts of and terms of this Agreement are strictly confidential and, with the exception of either Plaintiff's spouse, counsel, accountant, lender, Defendants' spouses, counsel or accountants, pursuant to a subpoena, to enforce this Agreement, or to submit to the court for review and approval of the settlement agreement or others as required by applicable law, shall not be disclosed to any other persons, entities, or organizations, without prior written approval of both Plaintiff's counsel and the Defendants.

4. **Indemnification.** Plaintiff acknowledges and agrees that it shall be solely and exclusively Plaintiff's obligation and responsibility to report to the appropriate governmental agencies and other authorities all monies received as wages and/or other compensation under this Agreement and to report and pay all related taxes or impositions. Plaintiff shall indemnify and hold harmless Defendants, their directors, officers, subsidiaries and affiliates from and against any and all claims, damages, losses, liabilities or obligations asserted, or imposed and/or threatened against Defendants by any person or entity relating, directly or indirectly, to the monies received by Plaintiff hereunder, including, without limitation, Plaintiff, the IRS, or any other person.

5. **Non-Admission Clause.** By entering into this Agreement, Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA, and expressly deny any and all such liability.

6. **Non Disparaging Remarks.** The Released Parties agree that they will not disparage each other, by written or oral word, gesture, or any other means, nor will they make any disparaging or negative comments about each other, to any person or entity. In the event that a prospective employer requests an employment reference for Plaintiff, the Released Parties agree that Defendants will only provide dates of employment, and/or positions held, and/or rates of pay.

7. **Future Employment.** Plaintiff agrees not to reapply for employment with Defendants in the future and agrees that if he does apply, he will not be hired. Plaintiff agrees that Defendants' refusal to hire him (or his termination in the event he is inadvertently hired) is in accordance with this Agreement and not a violation of any law, regulation or ordinance.

8. **Jurisdiction.** The Released Parties agree that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida which is presiding over the Litigation. The Agreement is governed by the substantive law of the State of Florida.

**EXHIBIT A**

9. **Dismissal of Lawsuit.** Within five business (5) days of signing this Agreement by the Defendants, delivery to Plaintiff's counsel of a fully executed copy of the settlement, Plaintiff's counsel agrees to seek the Court's approval of the settlement agreement and dismissal of the lawsuit with prejudice.

10. **Entire Agreement.** This Agreement constitutes the complete understanding of the parties hereto and supersedes any and all prior agreements, promises, representations, or inducements, whether oral or written, concerning its subject matter. No promises or agreements made subsequent to the execution of this Agreement by these parties shall be binding unless reduced to writing and signed by an authorized representative of each party.

11. **Enforcement.** In the event any action is commenced to enforce this Agreement, the prevailing party shall be entitled to reasonable fees and costs.

12. **Voluntariness. Parties Represented by Counsel.** Plaintiff certifies that Plaintiff has fully read, negotiated, and completely understands the provisions of this Agreement, that Plaintiff has been advised by Defendants to consult with an attorney before signing this Agreement, and that Plaintiff is signing freely and voluntarily, and without duress, coercion, or undue influence. This Agreement is not to be construed against any party. All Released Parties were represented by counsel and participated in the drafting of this Agreement.

13. **Counterparts.** This Agreement may be executed in multiple counterparts, each of which shall constitute an original, and all of which shall constitute one single agreement. Faxed transmissions and/or copies of the signature block shall be deemed enforceable.

*(Remainder of page intentionally left blank; signature page to follow)*

**EXHIBIT A**

## SIGNATURE PAGE

FELIPE ESPITIA

By: _____
FELIPE ESPITIA

Date: 3/8/16

ADAM'S CONCRETE SERVICES "LLC"

By: Adam Loeffler

Title: President

Date: 3/2/2016

KARL'S PUMPING & PLACING, INC.
D/B/A KPP CONCRETE D/B/A KARL'S
PUMPING & PLACING INC. K.P.& P. INC
ADAM'S CONCRETE SERVICES "LLC"

JERI LOEFFLER

By: _____
JERI LOEFFLER

Date: 3/2/2016

By: Jeri Loeffler

Title: Secretary Treasurer

Date: 3/2/2016

ADAM J. LOEFFLER

By: _____
ADAM J. LOEFFLER

Date: 3/2/2016

KARL LOEFFLER

By: _____
KARL LOEFFLER

Date: 3/2/2016

Karl Loeffler
President
3/2/2016

**EXHIBIT A**